UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED

04 JUN 22  AM II: 25

U.S. DISTRICT COURT
N.D. OF ALABAMA

JUN 2 2 2004

| | |
|---|---|
| CLARA DENISE WEST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Civil Action No. CV-03-S-2278-NE |
| | ) |
| LES BROWNLEE, Acting | ) |
| Secretary of the Army, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff filed a *pro se* complaint on August 15, 2003, purporting to assert a class action lawsuit for racial discrimination against defendant Thomas E. White, who at that time was Acting Secretary of the United States Army.[1] Defendant moved to dismiss plaintiff's original complaint,[2] and to deny class certification,[3] on October 17, 2003. Soon thereafter, plaintiff retained counsel, and her counsel filed an amended complaint to correct the defects alleged in defendant's motions.[4] Defendant then filed a renewed motion to deny class certification,[5] and a motion to dismiss plaintiff's

---

[1] Doc. no. 1. White has since been replaced by Les Brownlee, and the style of the case has been modified to reflect Brownlee as the proper party defendant.

[2] *See* doc. no. 5.

[3] *See* doc. no. 4.

[4] *See* Amended Class Action Complaint, appended to doc. no. 15.

[5] Doc. no. 19.

amended class action complaint.[6]

Plaintiff, through her counsel, filed a response to defendant's motions on February 27, 2004, conceding that defendant's motion to deny class certification should be granted, and proposing to amend her complaint a second time to once again cure some of the defects alleged in defendant's motion to dismiss.[7]  Subsequently, plaintiff filed a motion for leave to seek new legal counsel,[8] asserting her outrage that her attorney had acquiesced in denying class certification, and requesting time to obtain new counsel who would better represent her interests and the interests of the other putative class members.

The court granted plaintiff's motion for leave to seek new legal counsel,[9] and also granted her attorney's subsequent motion to withdraw.[10]  The court ordered plaintiff to file an amended response to defendant's renewed motion for class certification and motion to dismiss her amended complaint by May 28, 2004, and cautioned plaintiff that failure to comply would result in the court's consideration of the previous response filed by her attorney.[11]  On the response deadline, plaintiff

---

[6]Doc. no. 20.

[7]*See* doc. no. 23.

[8]Doc. no. 24.

[9]Doc. no. 25.

[10]Doc. no. 27.

[11]*See* doc. no. 25.

requested sixty additional days to find new counsel and to file an amended response to defendant's motions.[12]

Due to plaintiff's vehement disagreement with the response her attorney filed on her behalf to defendant's renewed motion to deny class certification and motion to dismiss the amended class action complaint, the court struck that response.[13]  The court also partially granted plaintiff's motion for an extension, and ordered plaintiff to respond to defendant's motions by June 14, 2004, but cautioned her that, if she failed to file a timely response, the court would assume she had no opposition and rule accordingly.  As of this date, plaintiff has filed no response to either of defendant's motions.  Accordingly, the court assumes that the motions are unopposed.

## I. STANDARD OF REVIEW

The Federal Rules of Civil Procedure require only that a complaint contain a "'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) (quoting Fed. R. Civ. P. 8(a)(2)).[14]  Consequently, a complaint should not be dismissed for failing to state a

---

[12]*See* doc. no. 28.

[13]*See* doc. no. 31.  The stricken response was assigned doc. no. 23.

[14] With but few exceptions (fraud claims being one, *see* Fed. R. Civ. P. (9)(b)), there are only three requirements for pleading a claim in a federal action: "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . ., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader

claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46, 78 S. Ct. at 102.[15]  When ruling upon a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true, and construe

---

seeks." Fed. R. Civ. P. 8(a). "There are two other provisions of Rule 8 that are pertinent: 'Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading are required.' Fed. R. Civ. P. 8(e)(1); and 'All pleadings shall be so construed as to do substantial justice.' Fed. R. Civ. P. 8(f)." *Gorski v. New Hampshire Dept. of Corrections*, 290 F.3d 466, 473 n.5 (1st Cir. 2002).

    As the Eleventh Circuit observed in *Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364 (11th Cir. 1997),

> [t]he purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the statement of [a plaintiff's] claim for relief.  It is read alongside Fed.R.Civ.P. 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  The rule is not designed to strike inartistic pleadings or to provide a more definite statement to answer an apparent ambiguity, and the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto.  ...

*Id.* at 1368-69 (citation omitted); *see also Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.").

    [15] *See also, e.g., Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984) (holding that a complaint should be dismissed for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations" of the plaintiff's complaint); *Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc) (quoting *Conley*, 355 U.S. at 45-46, 78 S. Ct. at 102); *Magluta v. Samples*, 256 F.3d 1282, 1282 (11th Cir. 2001) (same) *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992) ("A complaint may not be dismissed unless the plaintiff can prove no set of facts which would entitle him to relief."); *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir. 1988) ("[T]he 'accepted rule' for appraising the sufficiency of a complaint is 'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief.'") (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957)), *reh'g denied*, 840 F.2d 25, *cert. denied*, 486 U.S. 1055, 108 S. Ct. 2822, 100 L. Ed. 2d 923 (1988); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) (same).

them in the light most favorable to the non-moving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984); *see also, e.g., Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983).[16]

## II. DISCUSSION

**A.    Plaintiff's Amended Complaint Is The Relevant Document**

As an initial matter, the court notes that, in evaluating plaintiff's claims, the relevant document is plaintiff's amended class action complaint, not her original complaint.   It is well established that, when an amended complaint is filed, it completely supersedes all prior pleadings unless the amendment "specifically refers

---

[16]The court notes that defendant filed evidentiary submissions in support of its motion to dismiss and motion to deny class certification. Nonetheless, it is not necessary to convert the motion to dismiss to a motion for summary judgment. Federal Rule of Civil Procedure 12(b) provides in pertinent part:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

The court need not consider defendant's evidentiary submissions in evaluating the motion to dismiss or the motion to deny class certification. Rather, the court only must consider the allegations in plaintiff's amended class action complaint and the arguments in defendant's brief. Accordingly, defendant's motion will be evaluated as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), not as a motion for summary judgment under Rule 56.

to or adopts the earlier pleading." *Varnes v. Local 91, Glass Bottle Blowers Association,* 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) (citing *Wilson v. First Houston Investment Corp.,* 566 F.2d 1235, 1238 (5th Cir. 1978)). "Once amended, the original [complaint] no longer performs any function as a pleading . . . ." *Bullen v. DeBretteville,* 239 F.2d 824, 833 (9th Cir. 1956).

Plaintiff's amended class action complaint does not specifically refer to, adopt, or incorporate any portions of her original complaint. Accordingly, plaintiff's original complaint no longer serves any function in this case. The court will consider only the allegations contained in plaintiff's amended class action complaint when evaluating defendant's motions.

## B.   Motion To Dismiss Amended Class Action Complaint

Defendant argues that plaintiff's amended class action complaint should be dismissed because the sole count of that complaint was not premised upon Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*[17] The court agrees.

The Supreme Court held, in *Brown v. General Services Administration,* 425 U.S. 820, 96 S. Ct. 1961, 48 L. Ed. 2d 402 (1976), that Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Id.*

---

[17]*See* memorandum in support of motion to dismiss and to deny class certification (appended to doc. no. 21), at 19-20.

at 835, 96 S. Ct. at 1969; *see also Canino v. United States EEOC,* 707 F.2d 468, 472 (11th Cir. 1983) (holding that *former* federal employees must bring all employment discrimination claims under Title VII).  Title VII preempts all other avenues of relief for federal employees asserting discrimination claims.  *See Brown,* 425 U.S. at 835, 96 S. Ct. at 1969; *Canino,* 707 F.2d at 472.

Plaintiff's amended class action complaint asserts only one claim, for race discrimination under 42 U.S.C. § 1981.  Nowhere in plaintiff's amended class action complaint does she reference Title VII.  Plaintiff cannot proceed on a claim for race discrimination against a federal government entity pursuant to § 1981.  Accordingly, her amended class action complaint will be dismissed for failure to state a claim upon which relief can be granted.

**C.    Renewed Motion To Deny Class Certification**

Upon consideration of defendant's renewed motion to deny class certification, and defendant's memorandum in support thereof, the court concludes that the motion to deny class certification should be granted.[18]  First, plaintiff's claim cannot proceed as a class action, because the claim is not based upon a viable legal theory.  As stated in Section II(B), *supra,* plaintiff cannot maintain her discrimination claims under 42 U.S.C. § 1981 because Title VII is the exclusive avenue for asserting discrimination

---

[18]The court emphasizes that this motion is unopposed.

claims against the federal government. *See Brown,* 425 U.S. at 835, 96 S. Ct. at 1969;

*Canino,* 707 F.2d at 472. Plaintiff cannot maintain a class action lawsuit based on

claims which do not have an adequate legal basis.

In addition, the court finds that plaintiff has not satisfied the requirements of

Federal Rule of Civil Procedure 23. Specifically, she has not met her burden of

establishing that

> (1) the class is so numerous that joinder of all members is impracticable,
> (2) there are questions of law or fact common to the class, (3) the claims
> or defenses of the representative parties are typical of the claims or
> defenses of the class, and (4) the representative parties will fairly and
> adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). She also has not met her burden of establishing that any of the

provisions of Federal Rule of Civil Procedure 23(b) apply to her claims.[19]

---

[19]Federal Rule of Civil Procedure 23(b) provides:

> **(b) Class Actions Maintainable.** An action may be maintained as a class
> action if the prerequisites of subdivision (a) are satisfied, and in addition:
>
> > (1) the prosecution of separate actions by or against individual members of
> > the class would create a risk of
> >
> > > (A) inconsistent or varying adjudications with respect to individual
> > > members of the class which would establish incompatible standards
> > > of conduct for the party opposing the class, or
> > >
> > > (B) adjudications with respect to individual members of the class
> > > which would as a practical matter be dispositive of the interests of the
> > > other members not parties to the adjudications or substantially impair
> > > or impede their ability to protect their interests; or
> >
> > (2) the party opposing the class has acted or refused to act on grounds

Accordingly, defendant's renewed motion to deny class certification will be granted.

## III. CONCLUSION

In accordance with the foregoing, defendant's original motion to deny class certification will be denied as moot. Defendant's original motion to dismiss also will be denied as moot. Defendant's motion to dismiss plaintiff's amended class action complaint will be granted. Defendant's renewed motion to deny class certification also will be granted. An appropriate order will be ordered contemporaneously herewith.

DONE this ___*2 2 nd*___ day of June, 2004.

_____

United States District Judge

---

generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.